Van Voorhis, J.
(dissenting). Plaintiff has recovered damages against the owner of a restaurant for an assault which occurred outside on the sidewalk. He was beaten by one McGrath, a counterman in the restaurant.
Plaintiff’s contention is that he entered the restaurant with a lady and ordered orange juice for the two of them, which they did not drink since the glasses were placed at some distance from them on the counter, and that they then walked out of the restaurant without paying for it. On his way out plaintiff stated that he passed McGrath, who asked him whether he was going to pay for the orange juice, to which he replied in the negative. He testified that McGrath followed him out of the door and attacked him when they had reached the sidewalk. Other witnesses testified that nothing was said about paying for the orange juice, and that plaintiff started an argument with McGrath in the restaurant on personal grounds.
Under the decisions of the courts, plaintiff was entitled to recover against the owner of the restaurant provided that the assault was done in furtherance of the master’s business and was incident to the performance of the duties entrusted to him by the master. On the other hand, if a servant goes outside of his employment and, without regard to his service, acting maliciously, or in order to effect some purpose of his own, wantonly Commits a trespass or causes damage to another, the master is not responsible, (Oneta v. Tocci Co., 271 App. Div. 681.)
*908 Under these rules, the restaurant owner could be held liable for the act of McGrath provided that the latter was attempting, however ineptly, to compel a recalcitrant customer to pay his bill. In that view of the case, it was vital to the result that McGrath should have called upon plaintiff to pay for the orange juice before striking him. If plaintiff had left the restaurant absentmindedly, for instance, without paying his bill and without having been reminded that it had been neglected, the conduct of McGrath would have been so inexplicable on any rational theory that he was serving his employer as to have exonerated the employer from liability as a matter of law. The Trial Justice implied as much in what he said out of the presence of the jury when he denied the motion of defendant Bickford’s, Inc., for the direction of a verdict.
Defendant Bickford’s Inc., the restaurant owner, was clearly entitled to have had the jury instructed upon this crucial point in the case. Its counsel requested the court to charge that “ If the jury does not believe that there was any demand for payment of the orange juice, their verdict must be for the defendant.” The defendants’ evidence is to the effect that there was no such demand and that it was a personal row between these two men. This request was refused and exception duly taken. The circumstance that this request was not refused, in the hearing of the jury is not enough to save the verdict. The jury should have had this instruction, which related to the main issue in the case.
It was not covered in the main portion of the charge. The court had told the jury that there is testimony in the record that a demand for payment for the orange juice was made, and also that no such demand was made, but, instead of stating to the jury that there could be no recovery in the absence of a demand for payment, the Trial Justice proceeded to say that the jury were to find against the defendant if they found the general proposition that the assault arose out of and in connection with the business “ * * * depending upon the other branches of the law that I have given you.”
In an action where the issue of fact was as sharply drawn as it was here, the granting of this important request could easily have changed the result.
The judgment appealed from should be reversed and a new trial granted, with costs to appellant to abide the event.
Glennon, Callahan and Peck, JJ., concur in decision; Van Voorhis, J., dissents in opinion in which Dore, J., concurs.
Judgment affirmed, with costs. No opinion.